

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**TONY JACKSON,**

    Movant-Defendant,

vs.                                  **CIVIL NO. 02-0119 LH/DJS**
                                         Criminal Number 99-380 LH

**UNITED STATES OF AMERICA,**

    Respondent-Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255.

2. Movant seeks relief from the sentence imposed on him, pursuant to a plea of guilty, to one count of an indictment that charged him with possessing with intent to distribute fifty (50) grams and more of a mixture containing cocaine base, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(A). Movant was sentenced to a term of imprisonment of two hundred and sixty-two (262) months.

3. It appears from the record that Movant had been the focus of an undercover operation of

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.



1

the New Mexico State Police, who had made purchases of cocaine base from him on four occasions prior to his arrest on December 17, 1998. On that date, he was again prepared to deliver cocaine base to the authorities. In the face of what appears to be overwhelming evidence of guilt, Movant bargained for the dismissal of two counts in the indictment and the dismissal of a separate, four-count indictment charging like offenses in return for his guilty plea. In the plea agreement executed by Movant he waived his appeal rights, along with the right to challenge his sentence by way of collateral attack. The plea agreement between Movant and the United States makes clear that no specific sentence was agreed upon. Rather, Movant recognized that the sentence imposed depended upon the application of the sentencing guidelines and that determination of the sentencing range and guideline level, as well as the actual sentence imposed, was in the sole discretion of the sentencing Court. The pre-sentence report concluded that Movant was a career offender pursuant to U.S.S.G. 4B1.1 based on his three prior convictions for drug trafficking. After adjustments, the report concluded that the guideline imprisonment range was 262-327 months. No objections were made to the findings contained in the pre-sentence report.

4. Movant does not attack the validity of his plea in this proceeding, nor does he assert that the plea agreement was not executed voluntarily and knowingly. Instead, Movant raises three issues in his motion. First, he asserts that the that the waiver of the right to collateral review contained in his plea agreement is not fatal to the instant motion. Secondly, he alleges that the statute under which he was convicted is unconstitutional because of the decision in Apprendi v. New Jersey, 530 U.S. 446 (2000). Lastly, he challenges his sentence by alleging that the United States agreed not to seek enhancement pursuant to the provisions of 21 U.S.C. §851, but that his sentence was nevertheless enhanced by reason of the application of the provisions of U.S.S.G. §4B1.1

2

5. As noted, Movant commences his attack on his sentence by challenging the waiver of his right to collateral review that he bargained for in his plea negotiations. That attack is necessary since if it fails his petition must also fail. The plea agreement contains the following language:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.
>     a. Acknowledging that the defendant knowingly waives the right to appeal any sentence within the guideline range applicable to the statute of conviction as determined by the court after the resolution of any objections by either party to the pre-sentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the court in resolving any contested sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court. The defendant also waives the right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, Section 2255, except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range.

Movant, in essence, argues that the agreement does not mean what it says. This is so according to him because he was sentenced in excess of the statutory maximum of two hundred and forty (240) months contained in 21 U.S.C. §841(b)(1)(C). This argument is cut from whole cloth, since the statute of conviction exposed Movant to a minimum sentence of ten years imprisonment and a maximum sentence of life as set out in 21 U.S.C. §841(b)(1)(A). Movant pleaded guilty to possessing with intent to distribute more than fifty (50) grams of cocaine base. The pre-sentence determination of quantity was 87.9 grams, to which Movant did not object. Movant also suggests that waivers such as those contained in his plea agreement are not absolute, thus permitting him to challenge by way of this petition the sentence imposed. That assertion is correct, but does not offer Movant relief.

6. A waiver of the right to collateral review under §2255 is subject to the same analysis as the waiver of the right to direct appeal. United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001),

3

cert. denied 122 S.Ct. 822 (2002). In Cockerham, the Court held that "a waiver of collateral attack rights brought under §2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." Importantly, that general rule is subject to several exceptions, including "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." Id. at 1182. Moreover, "a plea agreement waiver of postconviction rights does not waive the right to bring a §2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver." Id. at 1187. Movant does not allege that any of the exceptions discussed apply in his case. He does not say that he did not accept the waiver set out in the agreement knowingly and voluntarily, nor does he say that his counsel was ineffective in negotiating it. Indeed, Movant makes no claim of ineffective assistance of counsel of any kind. Further, Movant does not allege that the waiver is otherwise unlawful or that any other recognized exception to enforcing waivers exists. Accordingly, he is not entitled to relief on this claim.

7. Mr. Jackson's next basis for relief is his claim that the statute under which he was sentenced is unconstitutional on its face.[2] This unconstitutionality became clear, according to Movant, after the ruling in Apprendi, *supra*, where the Supreme Court said that other than the fact of a prior conviction, any fact that increases the penalty for a crime must be submitted to a jury and proven beyond a reasonable doubt. Prior to Apprendi the courts had uniformly held that the quantity

---

[2]Movant asserts that he was sentenced pursuant to 21 U.S.C. §841(b)(1)(B). The judgment does indeed reflect that statute. However, the record indicates otherwise. The indictment, plea agreement and pre-sentence report reflect that the sentence was imposed under 21 U.S.C §841(b)(1)(A).

4

of drugs involved in a criminal case was a sentencing factor pursuant to 21 U.S.C. §841(b) and not an element of the offense as is now required. See United States v. Jones, 235 F.3d 1231, 1234 (10th Cir. 2000). Movant apparently believes that the Court is bound by its earlier interpretation of §841(b). This Circuit has foreclosed that argument in United States v. Cernobyl, 255 F.3d 1215, 217-218 (10th Cir. 2001), where it analyzed a similar argument and rejected it by saying "...we find no inconsistency between Apprendi and §841 that would compel a conclusion that the statute as written is unconstitutional...". See United States v. James, 257 F.3d 1173, 1182-83 (10th Cir. 2001), cert. denied 122 S.Ct. 908 (2002).

8. Apprendi is of no comfort to Movant for other reasons. Initial *habeas* petitions based upon a new rule of constitutional law are subject to the guidance announced in Teague v. Lane, 489 U.S. 288 (1989). Under Teague, new rules of constitutional law are not retroactive to *habeas* petitions unless they define "watershed" rules of criminal procedure. Apprendi did not announce a watershed decision, and therefore may not be applied retroactively to initial *habeas* petitions. United States v. Mora, 293 F.3d 1213, 1219 (10th Cir.), cert. denied 123 S.Ct. 388 (2002) (citing McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) cert. denied 122 S.Ct. 2362 (2002); United States v. Moss, 252 F.3d 993, 997-1000 (8th Cir. 2001) cert. denied 122 S.Ct. 848 (2002); and Jones v. Smith, 231 F.3d 1227, 1237-38 (9th Cir. 2000)).

9. Apprendi is also inapplicable to the claims raised by Movant because the offense to which he pleaded authorized a minimum sentence of ten years and a maximum sentence of life imprisonment. His sentence of two hundred and sixty-two months after enhancement under the sentencing guidelines did not exceed that statutory maximum and could not offend the rule announced in Apprendi. Apprendi 530 U.S. at 490.

5

10. Movant alleges that because his plea arrangement with the government contained a promise that the government would not seek to enhance his sentence pursuant to 21 U.S.C. §851, the court should not have enhanced it under §4B1.1 of the Sentencing Guidelines.[3] Movant reasons that since the government filed no notice as required by §851, his sentence could not be enhanced. The tension suggested by Movant between 21 U.S.C. §851 and §4B1.1 of the Sentencing Guidelines simply does not exist. The procedural requirements of §851 apply only to statutory sentence enhancement, not sentence enhancement under §4B1.1 of the Sentencing Guidelines. United States v. Allen, 24 F.3d 1180, 1184-85, (10th Cir.), cert. denied, 513 U.S. 993 (1994); See United States v. Mans, 999 F.2d 966, 969 (6th Cir.) cert. denied 510 U.S. 999 (1993); United States v. Day, 969 F.2d 39, 48 (3d Cir.1992); United States v. Koller, 956 F.2d 1408, 1417 (7th Cir.1992); Young v. United States, 936 F.2d 533, 535-36 (11th Cir.1991); United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir.1991) (per curiam), cert. denied, 502 U.S. 1076 (1992); United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991); United States v. Sanchez, 917 F.2d 607, 616 (1st Cir.1990), cert. denied, 499 U.S. 977, (1991); United States v. Marshall, 910 F.2d 1241, 1245 (5th Cir.1990), cert. denied, 498 U.S. 1092 (1991); United States v Wallace, 895 F.2d 487, 490 (8th Cir.1990). Because Movant's sentence was enhanced through a separate mechanism than that addressed in the plea agreement and that enhancement fell within the court's discretion, he is not entitled to relief on this claim, either.

---

[3]Movant does not suggest that the government breached the agreement.

**RECOMMENDED DISPOSITION:**

That the motion be denied and this matter be dismissed with prejudice.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE
